UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ISSAC DECRAIS HARRIS #447304,

      Plaintiff,                Case No. 2:19-CV-121

v.                                           HON. GORDON J. QUIST

THOMAS RUPRECHT, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a civil rights action brought by state prisoner, Issac Decrais Harris, pursuant to 42 U.S.C. § 1983. On July 30, 2021, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion for summary judgment and deny Harris' "motion in support of affidavit of perjury." (ECF No. 30.) Harris has filed objections. (ECF No. 31.)

      Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

      Harris' deliberate indifference and retaliation claims arise from his alleged inadequate dental care. He alleges that Defendants, Dr. Ruprecht, DDS, and Dental Assistant Sadak, refused

to provide him pain medication and a liquid diet. Harris further alleges that Defendants' conduct was motivated by one of Harris' grievances.

The magistrate judge carefully reviewed the medical record and determined that Harris' deliberate indifference claims failed because there was no evidence that either Defendant acted with a culpable state of mind as required under the subjective prong of the deliberate indifference test.  As to the liquid diet, the record indicates that numerous medical professionals including Dr. Ruprecht and another dentist, (s*ee* ECF No. 19-7 at PageID.142-143), did not believe that a liquid diet was medically necessary.  Although another nurse may have thought that Harris should have received a liquid diet, such a disagreement amounts to a difference in opinion and does not rise to the level of a constitutional violation.  *See Rhinehart v. Scutt*, 894 F.3d 721, 744 (6th Cir. 2018) ("A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment.").

As to the pain medication, the record indicates that Harris received pain medication on multiple occasions from Defendants and other medical professionals. Harris has not submitted any admissible evidence that either Defendant denied any request for pain medication. His conclusory statements that Defendants denied or continued to deny pain medication—without more—is insufficient.[1]  In his objections, Harris claims that he did not receive pain medication as many times as the magistrate judge concluded, but Harris has failed to submit admissible evidence to create a question of fact.  Each time Harris made a request, the medical records establish that Harris was either examined by a medical professional or received appropriate medical treatment after

---

[1] The Court notes that Harris' purported declaration in his response and objections does not comply with 28 U.S.C. § 1746(2) because he added to words "to my knowledge" and "to the best of my knowledge." *See Bragg v. Staff*, No. 1:16-cv-1271, 2019 WL 5273761, at *5 (W.D. Mich. July 23, 2019), report and recommendation adopted, 2019 WL 4409486 (W.D. Mich. Sept. 16, 2019) (declining to consider declarations from two witnesses because they were limited "to the best of [the declarant's] information, knowledge and belief.").

further consultation with a medical professional. In sum, the undisputed record establishes that Harris received adequate dental care and treatment and that he received pain medication on multiple occasions between September 13 and October 19, 2017.

Similarly, the magistrate judge determined that Harris' retaliation claims based on his alleged inadequate dental care failed because (1) there is no evidence that either Defendant denied any request for pain medication and therefore neither Defendant took an adverse act against Harris, and (2) there is no evidence that the denial of the liquid diet was motivated by protected conduct. For the same reasons discussed above, Harris has failed to submit admissible evidence showing that a question of fact exists as to either of these findings.

Finally, the magistrate judge recommended that the Court decline to exercise supplemental jurisdiction over Harris' state law claims. Harris claims that his state law claims "should stand." (ECF No. 31 at PageID.285.) The Court finds no error in the magistrate judges' recommendation.

**Accordingly, IT IS HEREBY ORDERED** that the July 30, 2021, Report and Recommendation (ECF No. 30) is **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 18) is **GRANTED** and Harris' "motion in support of affidavit of perjury" (ECF No. 27) is **DENIED** for the reasons set forth in the R & R.

**IT IS FURTHER ORDERED** that Harris' federal claims are **dismissed with prejudice**. Harris' state law claims are **dismissed without prejudice**.

This case is **concluded**.

A separate judgment will enter.

Dated: September 7, 2021　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE